UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JEANETTE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>SONOMA COUNTY LAND COMPANY, d.b.a. EVERGREEN VILLAGE,<br><br>    Defendant. | Case No. 17-cv-00913-NJV<br><br>**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 10 |

Plaintiff Jeannette Brown filed a Complaint on February 22, 2017, against Defendant Sonoma Land Company d.b.a. Evergreen Village as the owner/operator of the subject Evergreen Village, a shopping center. (Doc. 1.). The Complaint alleged violations of Title III of the Americans with Disabilities Act ("ADA") and related California antidiscrimination laws applicable to public accommodations. *Id*. Defendant filed its Answer on March 28, 2017. (Doc. 8).

On April 18, 2017, Plaintiff filed a Motion to Strike the Affirmative Defenses from Defendant's Answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 10.) Defendant did not file a response to Plaintiff's Motion, and did not file a Notice of Non-Opposition in compliance with Local Civil Rule 7-3(b). The court took the matter under submission on the papers. (Doc. 11.) For the reasons explained below, the court will grant Plaintiff's Motion and allow Defendant an opportunity to amend its Answer.

## LEGAL STANDARDS

The purpose of a Rule12(f) motion to strike is to avoid spending time and money litigating spurious issues by allowing courts to dispense with those issues before trial. *See Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973-74 (9th Cir. 2010); *Fantasy, Inc. v.*

*Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993); accord *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Under Rule 12(f), a court may strike affirmative defenses from an answer that are insufficient or contain redundant, immaterial, impertinent, or scandalous matters. *See Barnes*, 718 F.Supp.2d at 1170; *Qarbon.com, Inc. v. eHelp Corp*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004). An affirmative defense is insufficiently pled under Rule 8 of the Federal Rules of Civil Procedure, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v.Iqbal*, 556 U.S. 662 (2009) if it fails to give a plaintiff fair notice of the nature of the defense and the grounds or identifiable facts that, if applicable, would make the affirmative defense plausible on its face. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Barnes*, 718 F. Supp. 2d at 1170-1171; *Qarbon.com, Inc.,* 315 F.Supp.2d at 1048; *Hernandez v. Dutch Goose, Inc.*, No. 3:13-cv-03537-LB, 2013 WL 5781476, at *6-7 & n.2 (N.D. Cal. Oct. 25, 2013) (Beeler, J) (noting that "it appears that every judge in this district to have taken up the issue has concluded that *Iqbal* and *Twombly* apply to the pleading of affirmative defenses" and citing cases).

## DISCUSSION

In this case, Defendant has alleged twenty-one affirmative defenses. (Doc. 8, at 18-22.) It appears from Defendant's pleadings that the defenses have merely been "'add[ed] . . . to the case simply upon some conjecture that [they] may somehow apply.'" *Barnes*, 718 F. Supp. 2d at 1172 (quoting *Hayne v. Green Ford Sales Inc*., 263 F.R.D. 647, 650 (D. Kan. 2009)). Specifically, Defendant has failed to provide any facts or explain how a stated affirmative defense applies against any of Plaintiff's claims. *See Barnes*, 718 F. Supp. 2d at 1171-73. Instead, as Plaintiff argues, Defendant has merely inserted a series of conclusory and boilerplate statements asserting that an affirmative defense exists without stating a reason why that defense may exist. *See id*. at 1172. No facts specific to this case are included in the affirmative defenses. This fails to give Plaintiff fair notice of the nature of the defenses asserted, and is clearly insufficient under standards set forth above. Because the affirmative defenses fail to meet the pleading standards for civil cases prosecuted in federal court, the court will grant Plaintiff's motion.

//

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Plaintiff's Motion to Strike Affirmative Defenses is GRANTED. All affirmative defenses are STRICKEN from Defendant's Answer and will not be considered by the court.
2) Defendant is granted fourteen days from the date of this order within which to file an Amended Answer, altered from the original Answer only as to add adequately pled affirmative defenses.

**IT IS SO ORDERED**.

Dated: June 14, 2017

NANDOR J. VADAS
United States Magistrate Judge